Territorial Law Library



FILED
SUPERIOR COURT
OF GUAM

'07 APR 12 PM 10: 14

COURT

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| JANE M. STORY | ) | CASE NO. SP0035-09 |
| Petitioner | ) | |
| v. | ) | |
| JOE T. SAN AGUSTIN, DR. WILFRED P. LEON GUERRERO, JAMES J. TAYLOR, PH.D., KATEHRINE T.E. TAITANO, GEORGE A. SANTOS, ANTONILINA S. LEON GUERRERO, AND GERARD A. CRUZ, AS THE BOARD OF TRUSTEES OF THE GOVERNMENT OF GUAM RETIREMNET FUND AND THE GOVERNMENT OF GUAM, | ) | **Decision and Order** |
| Respondents. | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III, on December 19, 2011, on Respondents' Motion for Summary Judgment. Attorney Elyze J. McDonald represented Respondents. Attorney Jeffrey A. Cook represented Petitioner, Jane M. Story. The Court took the matter under advisement on the briefs. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

This matter involves a rejection of Petitioner's disability retirement application by the Board of Trustees of the Government of Guam Retirement Fund

***ORIGINAL***

("Board"). Over the years, Petitioner, a Government of Guam employee, submitted multiple applications for disability retirement. In relation to these applications, Petitioner underwent numerous evaluations by multiple physicians. These evaluations resulted in divergent opinions regarding the characterization and extent of Petitioner's disability, yet the Board consistently denied each of Petitioner's applications on the basis that Petitioner is not permanently disabled.

Petitioner filed her latest application in 2007. After finding that Petitioner was not permanently disabled, and therefore not entitled to disability retirement under Guam law, the Board again denied her application. Petitioner appealed the decision and the Board affirmed its denial. Petitioner then filed the present Petition for Judicial Review with the Superior Court arguing that due to the fact that each physician who evaluated Petitioner indicated that Petitioner was permanently disabled and unable to regularly perform work as an employee, the Board was required by statute to find that Petitioner is permanently disabled and was required to grant her application. Petitioner therefore apparently requests an alternative writ of mandate compelling the Board to grant Petitioner's disability retirement application or ordering the Board to show cause why it cannot do so.

## DISCUSSION

### I.    Jurisdiction

"Wherever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." GUAM R. CIV. P. 12(h)(3). Upon review of the Petition for Judicial Review ("Petition") this Court finds that Petitioner has not provided a sufficient basis to allow this Court to exercise subject matter jurisdiction over this matter or to determine the appropriate scope of review and relief available to Petitioner. Confusion regarding this Court's jurisdiction and scope of review is due to Petitioner's insufficient jurisdictional statement and the vaguely styled Petition and inconsistent prayer for relief.

The rules of procedure in this jurisdiction require a claimant to state a valid basis for the Court's jurisdiction over her action. Rule 8(a) of the Guam Rules of Civil Procedure states that "a pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." Similarly, Guam Civil Rule 10.1 provides that "[e]ach complaint, petition, counter-claim and cross-claim shall state in a separate paragraph entitled 'jurisdiction' the statutory or other basis for jurisdiction and the facts supporting jurisdiction." The first paragraph of the Petition states "[t]his Court has jurisdiction over this matter pursuant to 48 U.S.C. §1424, as amended and §82 of the Guam Code of Civil Procedure, as amended." (Pet'r.'s Pet. for Judicial Rev., 1) This stated basis of jurisdiction is entirely insufficient. Title 48, section 1424 of the United States Code simply provides the statutory foundation for Guam's unified judicial system – that statute does not, in and of itself, grant the Superior Court of Guam any particular jurisdictional authority over the issues raised in this matter. Moreover this Court will not accept a citation to the superseded Code of Civil Procedure as a valid source of this Court's jurisdiction.

While it is true that the Superior Court of Guam is a court of general jurisdiction and may hear an exceedingly broad range of cases, the court's appellate jurisdiction relating to review of executive agency determinations is notably limited. As set forth by title 7, section 3105 of the Guam Code "[t]he Superior Court shall have original jurisdiction over all causes of action, and . . . *may* have appellate jurisdiction as may be provided by the Legislature." 7 G.C.A. § 3105 (emphasis added). Thus, where an action embodies some form of appellate review, such as the Petition herein, the Court must have a clear jurisdictional foundation on which to proceed. There is simply no reason to excuse Petitioner's failure to state an adequate basis for this Court's jurisdiction over the present Petition: Current Guam statutes provide ample jurisdictional grounds by which an individual may file an action in the Superior Court of Guam when that individual disagrees with an

agency's[1] actions or determinations. However, the various jurisdictional statues set forth varying types of review and relief available to the petitioner. This Court decliens to simply venture a guess as to which statute Petitioner here may have intended to assert in order to invoke this Court's jurisdiction. Without some guidance from petitioner regarding the basis for the Court's jurisdiction and authority to grant appropriate relief, this Court finds that it cannot exercise jurisdiction over this matter.

Second, this Court finds that the designated Petition and the requested relief found therein are discordant and fail to provide a foundation that would allow for a determination of the proper scope of review and relief available. Petitioner has styled her action a "Petition for Judicial Review." However, as the Guam Supreme Court has made clear, a petition for judicial review is the designation to be used for a petition in which a government employee seeks judicial review of a final decision on an adverse action appeal issued by the Civil Service Commission. See Carlson v. Perez, 2007 Guam 6 ¶¶ 64-65; see also Perez v. Judicial Counsel of Guam, 2002 Guam 12 ¶ 12 (distinguishing a petition for judicial review from the writ of mandate). This Court is not aware of any authority designating that a "petition for judicial review" is the proper vehicle for seeking relief of a final agency decision rendered in accordance with title 5, chapter 9 – Guam's Administrative Adjudication Law.

Guam law does, however, provide specific mechanisms by which a party may seek judicial review or alternative relief under the circumstances presented by Petitioner. For instance, under title 5, sections 9240-41, a party may request judicial review of an agency's decision that is not in accordance with law or not supported by substantial evidence by "filing a petition in the Superior Court for a

---

[1] Under 5 G.C.A. § 9102 the term "agency" includes "any board, commission, department, division, bureau or officer of the territory of Guam authorized by law to make rules or adjudicate contested cases. . . ." Therefore, the Board in this case constitutes an agency under Guam's Administrative Adjudication Law.

writ of mandate . . . ." A petition for a writ of mandate may also be proper where an agency fails to act in a manner proscribed by law and where the party seeks to compel agency to carry out its legally proscribed duties. See 7 G.C.A. §§ 31202-03. Alternatively, a Writ of Review is available if a party believes a certain board or tribunal has exceeded its jurisdiction. See 7 G.C.A. § 31102. These are not merely different terms for the same action. As mentioned above, and as the Guam Supreme Court made clear in Carlson, the distinction between the various forms of petition and writ relief and their jurisdictional bases is far from hypertechnical – the relief available and the scope of judicial review vary depending on the type of petition filed and the particular statute relied on by the petitioner.

Upon review of the Petition and the allegations and arguments asserted by Petitioner – both in her Petition and in her opposition to the motion for summary judgment – this Court simply cannot determine what type of review Petitioner seeks and what jurisdictional authority this Court may assert over this matter. First, the title of the Petition – "Petition for Judicial Review" – is entirely ambiguous and fails to describe the particular action Petitioner seeks to assert before this Court: This title could indicate an intention to file a Writ of Review; or it could indicate an intention to seek judicial review pursuant to a writ of mandate issued in accordance with the Administrative Adjudication Law. In contrast, Petitioner's prayer for relief – namely a request for a writ of mandate "compelling [the Board] . . . to grant Petitioner's application for disability retirement . . ." is not indicative of any intention to seek judicial review of the decision or of the evidence relied upon by the Board as allowed by the Administrative Adjudication Law: Rather, the proposed relief is consistent with that afforded by a Writ of Mandate issued solely under title 7, section 31202 of the Guam Code. As a result of the general inconsistency and lack of clarity within the Petition this Court is unable to discern the particular form of writ relief that Petitioner is seeking.

Given that Petitioner has failed to provide the jurisdictional basis for her action, this Court cannot assert its jurisdictional authority and cannot determine the proper scope with which it may exercise its judicial authority. As such, this Court finds that dismissal of the defunct Petition is appropriate.

## CONCLUSION

Based on the foregoing, this Court finds that it lacks subject matter jurisdiction over the Petition. The Petition is hereby **DISMISSED** without prejudice and Petitioner is granted leave to amend the Petition to assert both a proper basis for this Court's subject matter jurisdiction and a request for relief that is consistent with this Court's jurisdictional authority. Petitioner shall have thirty days from the date of filing of this Decision and Order to file her amended petition. In light of the above, this Court lacks a proper jurisdictional basis to enter judgment and therefore this Court does not reach the merits of the motion for summary judgment filed by Respondent.

It is **SO ORDERED** this 10th day of April, 2012.

APR 1 0 2012

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 1 2 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam